IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 98-30234
Summary Calendar
_____


MURPHY THOMAS, Individually and on
behalf of Renata D. Thomas, on behalf of
Renae J. Thomas, on behalf of Renard M.
Thomas,

                                    Plaintiff-Appellant,

versus

LOUISIANA STATE POLICE, Troop I
Region II, ET AL.,

                                    Defendants,

WAYNE RICHARD, T. F. C., individually
and in his official capacity as an
officer with the Louisiana State Police,

                                    Defendant-Appellee.

- - - - - - - - - - -
Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 96-CV-1991
- - - - - - - - - - -
January 26, 1999

Before JOLLY, SMITH, and WIENER, Circuit Judges.

PER CURIAM:[*]

     Murphy Thomas appeals the dismissal of his 42 U.S.C. § 1983

claim against Louisiana State Trooper Wayne Richard.  This claim

alleged that Richard had unlawfully arrested Thomas and that he

had used excessive force in doing so.  Thomas contends that the

_____

     [*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

district court erred when it concluded that the Supreme Court's holding in Heck v. Humphrey, 512 U.S. 477 (1994) mandated dismissal of his claim. Thomas also asserted that the dismissal of his § 1983 action, although without prejudice, amounted to a compensable taking within the meaning of the 5th Amendment to the United States Constitution.

Because evidence obtained by Richard during his search of Thomas was essential to Thomas's convictions of driving while intoxicated and improper lane usage, Heck bars this action until such time as Thomas succeeds in having his convictions for these offenses overturned. See Heck, 512 U.S. at 486-87 & n.7; Mackey v. Dickson, 47 F.3d 744, 746 (5th Cir. 1995). Similarly, because a successful claim of excessive force would necessarily undermine Thomas's conviction for resisting arrest, this claim, too, is barred by Heck. See Heck, 512 U.S. at 486-87 & n.6; Hudson v. Hughes, 98 F.3d 868, 873 (5th Cir. 1996).

This court is aware that the Third Circuit Court of Appeal for Louisiana has recently vacated Thomas's convictions of the crimes for which Officer Richard arrested him. Should that decision become final and should Thomas not be convicted a second time of these charges, he will be free to refile his § 1983 claim.

Thomas's assertion that the dismissal of his claim constitutes a compensable taking is without merit. Accordingly, the dismissal of Thomas's § 1983 action is AFFIRMED.